**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIN WIN,<br><br>               Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>               Respondent. | No. 08-73738<br><br>Agency No. A075-728-631<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 5, 2013[**]
Pasadena, California

Before: GOODWIN, WARDLAW, and GOULD, Circuit Judges.

Tin Win, a native and citizen of Burma, petitions for review of the Board of

Immigration Appeals' ("BIA") dismissal of his appeal from an Immigration

Judge's ("IJ") denial of his application for asylum as untimely.  Under 8 U.S.C. §

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1252(a)(2)(D), we have jurisdiction over questions involving the application of the "changed circumstances" rule for excusing delayed asylum applications, *see* 8 U.S.C. § 1158(a)(2)(D), as long as the underlying facts are undisputed.[1] *See Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007). Because we conclude that the agency improperly applied the "changed circumstances" standard, we grant Win's petition and remand for consideration of Win's asylum application on the merits.

The BIA and the IJ misapplied the statute when they concluded that Win had failed to show changed circumstances that would materially affect his eligibility for asylum that occurred more than one year after his arrival in the United States. *See* 8 U.S.C. § 1158(a)(2)(B). Although Win held out hope that he might be able to safely return to Burma, in 2000, he learned that a former political associate had been arrested in Burma, that the individual had informed on him to the police, and that Burmese authorities were actively pursuing him, leading him to conclude that he could never return to Burma because he would again be imprisoned and beaten

---

[1]Although the IJ initially made an adverse credibility determination, the BIA subsequently remanded for reconsideration of Win's credibility, and the IJ granted Win withholding of removal on remand. We thus treat the facts of Win's petition as undisputed. *See Lopez-Alvarado v. Ashcroft*, 381 F.3d 847, 851 (9th Cir. 2004) ("Absent an explicit adverse credibility finding, a witness's testimony must be accepted as true.").

because of his political activities. "By the Government's own admission, the arrest was further evidence of the persecution that [Win] suffered in [Burma]," which would strengthen his claim for asylum and help rebut any attempt by the government to prove that his fear of persecution was not well-founded. *Singh v. Holder*, 656 F.3d 1047, 1053 (9th Cir. 2011) (internal quotation marks omitted). Win may "still qualify for the changed circumstances exception even if the relevant circumstances do not create a new basis of persecution but simply provide further evidence of the type of persecution already suffered." *Id.*; *accord Vahora v. Holder*, 641 F.3d 1038, 1044 (9th Cir. 2011); *Fakhry v. Mukasey*, 524 F.3d 1057, 1063 (9th Cir. 2008). Thus, Win has established "the existence of changed circumstances which materially affect the applicant's eligibility for asylum," 8 U.S.C. § 1158(a)(2)(D), an exception to the one-year bar, and his asylum application may be considered. *Id.*

**Petition GRANTED; REMANDED.**